was born in 1960 in Saigon. He came to the U.S. in 1980, became a citizen in 1989. He does have college background. When he came to the United States, most of his family stayed in Vietnam, and if the court has looked at the indictment in this matter, it substantially involves a Vietnamese marijuana distribution operation. Mr. Tran's father served the U.S. military during the Vietnam War and died in a concentration camp. His mother was executed. When he came to this country, Mr. Tran primarily worked in things like washing cars for car business. One of his sidelines was remodeling the nail shops that are so commonly run by or owned by Vietnamese people. So he would travel the country with his truck and his trailer and his tools, and he would remodel for these people. In fact, when the government seized his vehicle, there were no drugs in the vehicle, just the normal types of tools of the trade. When Colorado legalized marijuana, Mr. Tran made the unfortunate decision to get a residence in Colorado and begin to grow marijuana. And he took his trade or his craft very carefully, much like we see the craft brewers and the craft distillers. He studied his trade. He read the High Times type magazines, How to Grow. Growing this weed into some sort of useful attractive product does take some skill and talent. Well, along the way, the group in Dubuque, Iowa, the Asbury residence, they have attempted to start a marijuana cultivation, and it has not worked for them. There were extensive to the house. They were jumping electricity from the live wires of the utility company so that it would bypass the electric meter readings. They had vents going out the house. This was apparently the co-defendant, Bao, that was responsible for that. But these people didn't know how to grow marijuana. Now by fate or coincidence, in Las Vegas, where my client is living and doing his landscaping, his nail shop remodeling, and his gambling activities, Mr. Hebe, who is apparently the head of this whole group, at least as portrayed in this, and other people in Las Vegas say, Mr. Tron knows how to grow marijuana. Have him come and help you. He'll figure out your cloning problems. He'll turn this house into something productive for you. So unfortunately, Mr. Tron decides, rather than stay in Colorado, where I'm not saying he's legal, but probably wouldn't attract much attention. Counsel, I've given you plenty of liberty here, but I'm hoping you'll get to the issues that we have with the safety valve, which is, I assume, what you're appealing. Right. He traveled to Iowa to aid this other existing group of people in Iowa who apparently had ties to Oregon, which he knew nothing about. And that was his criminal offense within the state of Iowa. Throughout this case, in the plea agreement, and in the pre-sentence investigation, we have continually said the crime that he's pled guilty to is the 100 plant conspiracy in Dubuque. Now, the government has taken the position that the Colorado activity, his grow operations in Colorado that involved different people, a different location, an earlier point in time, different customers, that that operation is part and parcel of the offense. And this is frightening to me. Well, it's his relevant conduct. Actually, I think there's a layer before that that people are missing. Before we get to the relevant conduct, the 1B1.2 describes, you look at the offense of conviction. And that's where the mistake is coming from. If we don't look at the offense of the conviction, then you start looking at relevant conduct. Then you have the 1A direct personal. Now if the offense of conviction was Colorado, then yes. A Colorado court, a Colorado jury, a Colorado grand jury could indict my client and legally prosecute him in Colorado for those activities. But the offense in Iowa, the agreement in Iowa, was to aid their growing operation. He had nothing to do with Oregon. He has nothing to do with the management of this business. He's almost an unknown. One of the exhibits that I've had I guess the problem was he didn't advise the government about his Colorado activities. Is that the problem? He did not want to discuss the Colorado matter as part of a safety valve or a debriefing. And in part, that's because of concern that you're describing an offense in another jurisdiction and you're subjecting yourself to another prosecution. Not a prosecution for your conduct in Iowa. Well, that's an option. I mean, the defendant can choose not to do that. And the safety valve is required to be given. It's the responsibility of the defendant to establish their entitlement. And if he chooses not to subject himself to potential other charges, I can understand why that might mean. I would disagree, Your Honor. If you're finished. Sorry, I was interrupting. No, go ahead. I was done. In the normal state of affairs, you are giving safety valve and debriefing with respect to the offense of conviction. And in this case, the offense of conviction is his assisting the Iowa operation as a hired hand. He was employed by these people. Now, I employ my secretary. If she helps me to operate WordPerfect, that does not make her my manager. If they hire me to teach them how to grow marijuana, that does not make me their manager. I'm their hired hand. And the limited extent of his role was, I think, so succinctly put in the addendum. It's Exhibit K, the last page. Jennifer Hong, who is ground zero, she's the one where they started the investigation because of deposits of cash. Jennifer Hong draws up this chart. Judge Charvey says, oh, it's a beautiful chart. What is Doug's role in this conspiracy? Doug's role in the conspiracy is off on the side that Douglas Wenhow Igwals ties boyfriend. So here's the first assistant to Mr. Hebe, his girlfriend, flying around the country with him, handling his accounting, holding a quarter of a million dollars for him. And her view of Doug is that he's Ty's boyfriend. Well, Ty is one of the owners, an equity interest in this home. She's invested something like $15,000 to get this grow operation started. So the conspiracy is laid out by the lead conspirator. And my complaint at sentencing with Judge Charvey initially, we have Mr. Cronk stating, we are here today to connect Colorado activities to the Iowa activities. Okay, well, he's growing marijuana in Colorado, he's growing marijuana in Iowa. That's a connection. Well, I guess everyone growing marijuana anywhere in the whole world is a connection. So what does the phrase same course of conduct mean in this context? What is the? Same course of conduct. The same course of conduct. What's the important phrase in this particular discussion? For Mr. Tron, the course of conduct would be his activities of transporting materials and providing know-how to the Asbury home and the growing of the marijuana and any information concerning the distribution of that. Because that's the offense that he pled guilty to. He's not found guilty or pled guilty or even been charged with the conduct in Colorado, which is a separate conspiracy. I think with the modern sentencing guidelines, we've ignored the background of what it means to be in a conspiracy. The conspiracy is the agreement or understanding. And I challenged the government and Judge Charvey at the sentencing, I said, there is not a single person that can come to this court and say there was some agreement or understanding between us and Mr. Tron about our operation, the Iowa-Oregon distribution operation. And all of them had pled guilty. All of them were cooperating witnesses and were playing games about discovering the scope of the conspiracy. And the only witness called at sentencing is an agent who wasn't even in Colorado at the time. And he's testifying to what other people told him. I mean, there's a constitutional issue lurking in the background of an Iowa prosecutor grabbing somebody from Colorado and trying to punish him for conduct in Colorado. Well, given the fact that hearsay is generally admissible in sentencing hearings, and given the fact that you had subpoena power to call whatever witnesses you wanted to call, and given the fact that you never really objected and said, hey, hey, hold on, wait a minute, this violates just fundamental elements of due process, and I want to reserve the right to call witnesses to rebut these statements that the officer said, how are we supposed to give weight to that? I mean, do you understand where I'm getting at? Right. I mean, because you know how sentencing hearings go. I mean, you know, the government puts on a witness, sometimes you put your defendant on, sometimes you do call one witness, you know, but there's an awful lot of hearsay flying around in all directions at that point. And the judge is never told that, hold on, I need more time, I need a better opportunity to rebut this. Well, Judge Jarvie was already of the opinion that we had wasted his time to have one agent and my client testify. Certainly judges are not unheard of in our system, right? That's correct. But we still put the burden on you to build the record, right? Correct. And if you look at my pre-sentence investigations, my briefs prior to the court, I was arguing that you can't consider the direct personal accountability of what he's doing in Colorado that's not a part of a conspiracy. Now the jointly undertaken conduct that everybody wants to talk about, where was that jointly undertaken conduct? It's a different place, it's a different state, it's different workers. There's only one person that's in common in these Colorado, I'll call it the Colorado growing, and the Iowa. So we have to step back a moment and think about what does a conspiracy entail? And that's the agreement or understanding. Now here we've got... But relevant conduct could be conduct outside the scope of the conspiracy itself, but yet is similar in scope and nature and ties together in a way that there's cross expertise and people are right? I mean, if I look at what safety valve interviews look like in my 20 some odd years I spent on a trial bench, they always, I mean, they go pretty far afield from time to time. Once you buy into that conspiratorial agreement and you start working with them to do something, you're clearly on the hook for all the jointly undertaken activity those other people did. I agree with that. Oddly enough, Mr. Tron has not assessed anything of anything those people did and none of the other people are assessed anything of what Mr. Tron did. So I think that's the mistake here is we've ignored the conspiracy and we've allowed a perverse sort of doubling back relevant conduct. Mr. Tron's conduct in Colorado was not relevant conduct to the goals of the Iowa-Oregon conspiracy. That was his own separate. If I assault 10 different people in different states at different times and I'm on trial for one assault, all of those are connected by an assault. But that doesn't mean the government can punish me at trial for different assaults in different states and different jurisdictions. Now, could the judge consider... Well, they weren't seeking to punish him for them. They just wanted him to talk about. To confess to other crimes at other times without immunity. That goes beyond the requirements of the 3553F because you're not disclosing your conduct in that offense and what you know of your co-conspirators in that offense. You're being told to make some sort of confession like you're going to heaven and you're supposed to confess all your sins. I don't quite view federal sentencing as a close, but I don't view it at quite that level. And I think that's the mistake made is all of the things that took away his eligibility for safety valve are in relation to Colorado a different crime. We got a little under a minute left for rebuttals. Okay. Thank you. Mr. Kronk. Good morning again. May it please the court. Mr. Mohler, since we got a little bit of a lesson from Mr. Mohler about Mr. Tron's history. At the age of 39, he was convicted of tumultuous conduct. In the year 2000, he was caught with 70 pounds of marijuana. In 2002, he was arrested and convicted of resisting arrest. In 2002, he was caught with $125,000 in cash. Records reflecting numerous marijuana sales and they found $50,000 cash in his home. We all know that the safety valve was created by Congress when it was determined that mandatory minimum sentences should be reduced for people with limited knowledge of a conspiracy who'd gotten tied in and were really low-level people that weren't managers, didn't carry guns, and were willing to tell the police or law enforcement about their involvement in a case. Mr. Tron doesn't qualify for safety valve for all of those reasons except that he had no criminal history points or not enough criminal history points to disqualify him. He had firearms, he had a role in the offense, and he failed to give a complete and truthful statement. I don't doubt that Mr. Mohler believes everything he says up here, but he does not understand the law. And if you look at relevant conduct and you look at all the cases on what you have to safety valve talk about, it includes relevant conduct. And relevant conduct says that it is in the case of jointly undertaking criminal activity, and we know that Mr. Tron didn't do all this by himself, so he did this jointly undertaken with others. It says, a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others whether or not charged as a conspiracy. And he wants to ignore that language and say that these are multiple conspiracies. And he only pled guilty to this conspiracy, the one that he thinks just involves Iowa. And it doesn't really matter whether there were multiple conspiracies or not. He also focuses in his brief on sort of a business model as opposed to a co-conspirator model. So he says he wasn't a partner, he was an independent contractor. But both of those, well, a partner in a drug business is a co-conspirator. An independent contractor in a drug business is a co-conspirator. Mr. Tron was a co-conspirator. He distributed marijuana from Colorado to the Iowa people. He agreed, made an understanding that he was going to help them grow more marijuana in Iowa. He had marijuana operations and firearms in Henderson, Nevada. Most of the defendants, well, Mr. Hebe in particular and Mr. Vu and several others came from Nevada to Iowa. Tai Hong, his ultimate girlfriend, was originally Mr. Hebe's girlfriend. Now she's investing Mr. Tron with her up in Iowa showing her how to grow marijuana. There's just nothing here to talk about because this is jointly undertaken activity. Whether he's charged with a conspiracy or not is irrelevant. He is engaged in simultaneous marijuana growing operations. This idea that 10 assaults in 10 states, this is a continuing offense. The fact that he came in after the fact we know is irrelevant. It's what he's accountable for. It also includes the reasonably foreseeable conduct of others. Mr. Tron is responsible for what he did and he wants to avoid talking about it. And as your honor just pointed out, he doesn't have to do that. But when he doesn't do it, he's not entitled to the benefit of it. If there's no other questions, I'll yield the rest of my time. I see none. Thank you. Thank you, Mr. Cronk. Mr. Moeller, we'll give you a full minute for rebuttal. Thank you. I think the central point of discussion is at 39 and 40 in my briefs. What does it mean to be jointly undertaken criminal activity? And it talks about jointly undertaken activity in concert with others. Others in the conspiracy. And that did not happen in Colorado. And then on page 40, the guidelines make a point of saying in cases involving contraband, including controlled substances, the scope of the jointly undertaken criminal activity and thus the accountability of Mr. Tron for the contraband that was the object of the jointly undertaken activity may depend upon whether in the particular circumstances the nature of the offense is more appropriately viewed as one jointly undertaken criminal activity or as a number of criminal activities. And in this case, this case squarely falls within separate activities. Thank you. Thank you, Mr. Moeller. Thank you also, Mr. Cronk. We will take the case under advisement, render decisions promptly as possible.